UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:19-CV-81192-ROSENBERG/REINHART

WILLIE R PYFROM &
ESTELLA M PYFROM,

    Plaintiffs,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER DENYING MOTION TO STRIKE
DEFENDANT'S FIRST AND SIXTH AFFIRMATIVE DEFENSES**

THIS CAUSE is before the Court on Plaintiffs' Amended Motion to Strike Defendant's First and Sixth Affirmative Defenses at docket entry 11. The Court has considered the parties' briefing, the pleadings, and is otherwise fully advised in the premises. For the reasons below, the motion is DENIED.

### I.  BACKGROUND

Plaintiffs (the "Pyfroms") sued Defendant ("GEICO") for common-law insurer bad faith under Florida law. The Complaint alleges that Mr. Pyfrom was injured in an automobile accident on August 17, 2013, when Stephanie Coffey, GEICO's insured, ran a red light and struck Mr. Pyfrom's vehicle on the driver's side. Mr. Pyfrom received an emergency transport from the scene with severe injuries, including a cervical fracture which required surgery.

GEICO received timely notice of the accident, and the Pyfroms sued Coffey for Mr. Pyfrom's bodily injuries. Counsel for the Pyfroms sent a letter to GEICO on October 2, 2013, seeking a statutory insurance disclosure and requesting GEICO to tender the policy limits to settle the Pyfroms' claims against Coffey. GEICO did not make a settlement offer until February 4, 2014,

and failed to tender payment until sometime in or after August 2014, at which point the Pyfroms elected not to settle for the policy limit. On September 25, 2018, the Pyfroms obtained a final judgment of $2.5 million against Coffey in state court. On August 2, 2019, the Pyfroms filed this Complaint against GEICO in state court for the unsatisfied amount of the Coffey judgment, and GEICO removed to this Court on August 23, 2019. GEICO answered on August 28, 2019, and the Pyfroms moved to strike two of GEICO's affirmative defenses.

## II.  LEGAL STANDARD

Affirmative defenses are "established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (quoting *Will v. Richardson-Merrell, Inc.*, 647 F. Supp. 544, 547 (S.D. Ga. 1986) (emphasis omitted)). "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1357, 1358 (S.D. Fla. 2009) (quoting *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005)). However, striking a pleading is disfavored and is generally considered "a drastic remedy resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962).

## III.  ANALYSIS

a.  **First Affirmative Defense**

The Pyfroms move to strike GEICO's First Affirmative Defense as legally incorrect. The defense reads:

> As its First Affirmative Defense, GEICO states that any duty owed to Plaintiffs is governed by the terms and conditions of the subject policy issued by GEICO, and to the extent that no duty arises under that contract for all or part of Plaintiffs'

> Complaint, GEICO states that Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

The Pyfroms argue that this is legally incorrect because they sue for a violation of the implied duty of good faith, "which applies to every liability policy where the claims adjustment is performed in Florida." DE 11, at 2. But this very statement demonstrates why the defense is not inconsistent with the implied duty of good faith: the duty is an implied term of the contract. *See Shuster v. S. Broward Hosp. Dist. Physicians' Prof'l Liab. Ins. Tr.*, 591 So. 2d 174, 177 (Fla. 1992) (noting, in the context of a claim of bad faith against an insurer, that "every contract requires the good faith performance of its provisions"). This defense does not disclaim that the insurance policy includes an implied duty of good faith under Florida law; for example, the defense does not state that GEICO is bound only by *express* contractual duties. Accordingly, this defense is neither patently frivolous nor clearly invalid as a matter of law, and striking it would be improper.

b. **Sixth Affirmative Defense**

The Pyfroms move to strike GEICO's Sixth Affirmative Defense as redundant with GEICO's Fifth Affirmative Defense. The defenses are as follows:

> As its Fifth Affirmative Defense, GEICO states that it was never afforded a reasonable opportunity to settle the claim against STEPHANIE COFFEY within the applicable policy limits.

> As its Sixth Affirmative Defense, GEICO states that the PYFROMS were not willing to resolve the claim against STEPHANIE COFFEY for the applicable policy limits.

The Pyfroms argue that "the Sixth Affirmative Defense is simply a narrower category of conduct than that set forth in [GEICO's] Fifth Affirmative Defense, and can be subsumed within it." DE 16, at 3. In other words, the Pyfroms' unwillingness to settle within the policy limits is one reason why GEICO would not have had a reasonable opportunity to settle the claim within the policy limits. GEICO appears to concede this point: "The scope of the Sixth Affirmative Defense relates only to the actions of the Pyfroms and their willingness to settle the claim for policy limits.

On the other hand, the scope of the Fifth Affirmative Defense is much greater in that it relates to anything that could have impeded GEICO's opportunity to settle the claim within the applicable policy limits." DE 13, at 5–6.

This overlap does not by itself warrant the drastic step of striking the defense. The better course under these circumstances is to treat the Sixth Affirmative Defense as a specific denial because it contradicts one of the Complaint's allegations. *See Morrison*, 434 F. Supp. 2d at 1318 (noting that an affirmative defense must "admit[] the essential facts of a complaint") (citation omitted); *see also Royal Carribbean Cruises, Ltd. V. Jackson*, 921 F. Supp. 2d 1366, 1372 (S.D. Fla. 2013) ("[W]hen a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial and the proper remedy is not to strike the defense but to treat it as a specific denial."). In particular, the Pyfroms allege: "If GEICO had offered its policy limits to settle the claims against Coffey within a reasonable period of time after the report of loss, then the Pyfroms would have settled their claims against Coffey for the amount of available policy limits and released Coffey from any legal liability above her BI limits." DE 1-1 ¶ 22. GEICO denied that allegation, DE 3 ¶ 22, and the Court construes the Sixth Affirmative Defense as a further specific denial of that allegation.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED:**

1. Plaintiff's Motion to Strike Defendant's First and Sixth Affirmative Defenses is DENIED.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 14th day of November, 2019.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE